# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEITH GULBRANDSON, CDCR #C-46985,<br><br>                Plaintiff,<br><br>vs.<br><br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>                Defendant. | Civil No.   08-1143 LAB (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME TO FILE MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[Doc. No. 7]** |

**I.**    **PROCEDURAL HISTORY**

    Edward Keith Gulbrandson ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 24, 2008.

    Because Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) or file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), the Court dismissed the case on July 2, 2008 [Doc. No. 5]. Plaintiff was granted forty-five (45) days, however, to either prepay the full $350 filing fee, or request leave to proceed IFP on a form provided by the Clerk of Court.

    On July 29, 2008, Plaintiff submitted a motion requesting additional time in which to complete his IFP and to acquire the prison trust account statements required by 28 U.S.C.

§ 1915(a)(2) ("A prisoner seeking to bring a civil action ... without payment of fees ... in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the complaint."). *See* Pl.'s Mot. [Doc. No. 7] at 2.

## II. STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, he is proceeding without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

## III. CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for an Extension of Time [Doc. No. 7]. Plaintiff is hereby **ORDERED** to either prepay the entire $350 civil filing fee pursuant to 28 U.S.C. § 1914(a), *or* complete and file the Court-approved form "Motion to Proceed *In Forma Pauperis*," along with a certified copy of his prison trust fund statement, no later than **Monday, September 8, 2008**. If Plaintiff chooses not to pay the filing fee or fails to submit his properly supported IFP Motion within that time, this action shall remain dismissed for the reasons set forth in the Court's July 2, 2008 Order.

**IT IS SO ORDERED.**

DATED: August 17, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge